

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable William J. Tucker
Executive Secretary
Game, Fish and Oyster Commission
Austin, Texas

Dear Sir:

Opinion No. O-3771
Re: Construction of H. B. No. 921,
47th Leg., placing closed sea-
son on hunting of dove, deer
and quail in Hudspeth and Cul-
berson Counties; holding: (1)
The Act is constitutional, (2)
Prosecution will lie against a
person for killing only one of
the species of game named in
one of the designated counties.

This is to acknowledge receipt of your letter of re-
cent date requesting our opinion as to the construction of
House Bill No. 921 of the Forty-seventh Texas Legislature
placing a closed season on the hunting of dove, deer and quail
in Hudspeth and Culberson Counties.

The House Bill as enacted reads as follows:

"An Act to declare a closed season on the kill-
ing of deer, dove, and quail in Culberson County and
the killing of quail and dove in Hudspeth County for
a period ending February 1, 1945; prescribing a
penalty therefor; and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE
OF TEXAS:

"Section 1. That from and after the passage of
this Act it shall be unlawful for any person to hunt,
trap, shoot, or kill any deer, dove, and quail in
Culberson County; and it shall be unlawful for any
person to hunt, trap, shoot, or kill any quail and
dove in Hudspeth County for a period ending February
1, 1945.

"Section 2. Any person violating the provisions of Section 1 shall be deemed guilty of a misdemeanor and upon a conviction shall be fined any sum not less than Twenty-five Dollars ($25) nor more than Two Hundred Dollars ($200).

"Section 3. The fact that unwarranted killing of deer, dove, and quail in Culberson County, and the unwarranted killing of quail and dove in Hudspeth County has almost exhausted and exterminated the said species of game, and the need of this game creates an emergency and an imperative public necessity that the constitutional rule requiring bills to be read in both Houses on three several days be suspended and the same is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

In your letter to us you raise the question as to whether the legislation is constitutional, and wish our advice whether it is unenforceable because of vagueness and uncertainty of Section 2. We quote a portion of your letter:

"Section 1 of the Act provides that it shall be unlawful to 'kill any deer, dove and quail in Culberson County,' or 'kill any quail and dove in Hudspeth County.' Even though we grant that the conjunction 'and' used in Section 1 of H. B. 921 legally means 'or,' we must concede that there are several provisions then in Section 1 which are severable from each other to-wit: That it is unlawful to kill a deer, unlawful to kill a dove, and it is unlawful to kill a quail in Culberson County. It is also unlawful to kill a quail and unlawful to kill a dove in Hudspeth County.

"If the conclusions reached in the above paragraph are correct, then because Section 2 of the Act in question provides 'any person violating the provisions of Section 1 shall be deemed guilty of a misdemeanor' would require to sustain a conviction the proof that a person has violated every

provision of Section 1. This observation is made because the author used the demonstrative adjective 'the' as a definite article, in lieu of the indefinite adjective 'any' and has used the plural of the noun 'provision.'

"For instance, if a person killed a quail in Hudspeth County, we cannot find how he could be convicted under the provisions of H. B. 921 unless we were prepared to prove that he had also killed a dove in Hudspeth County and had killed a deer, a quail and a dove in Culberson County at a time after the passage of said Act.

"We recognize that the intention of the author is plainly described in Section 3, the emergency section of the Act, but we are also aware of the fact that H. B. 921 must be construed as a penal law and strictly construed."

The Legislature is authorized to provide, by local or special act, for the preservation of game and fish, and the statute in question comes within the reservation expressed in Article 3, Sections 56 and 57 of the State Constitution. Stevenson v. Wood, (Tex. Comm. App.) 34 S. W. (2d) 246, answering certified questions Ct. Civ. App. 35 S. W. (2d) 794; Tuttle v. Wood (Tex. Civ. App., writ refused) 35 S. W. (2d) 1061; 39 Tex. Jur. 63.

As implied in your letter the words "or" and "and" are often construed as interchangeable. From Words and Phrases (Perm. Ed., Vol. 3, pp. 414-419) we find that even in criminal statutes the words are frequently misplaced, and it is said "their strict meaning is more readily departed from than that of other words, and one read in place of the other in deference to the meaning of the context." See Sutherland on Statutory Construction, Sec. 252, p. 330; Lewis' Sutherland Statutory Construction, Sec. 397, p. 756. Texas cases to the same general effect: Bell vs. State, 88 Tex. Cr. R. 507, 228 S. W. 132; Alexander vs. State, 84 Tex. Cr. R. 75, 204 S. W. 644; Fromme vs. State, 85 Tex. Cr. R. 366, 212 S. W. 501.

In the case of State v. Cain, 9 W. Va. 559, 569, it was held that when a statute in one section prohibited the sale of liquor without a license, in another section prohibited the use of screens, frosted windows, etc., in still another section, prohibited the sale of liquor to minors, etc., and in the penalty section provided that for every violation of "the provisions" of the first, second "and" third sections a certain penalty should be inflicted, that the word "and" in the penalty section should be construed "or," since it could not have been contended that a person must violate all three sections before he could be punished.

In the 1876 Code of Alabama, an article required dealers in pistols, bowie knives "and" dirk knives to be licensed and provided a penalty for such dealers on failure to obtain the licenses. The court in the case of Porter vs. State, 58 Ala. 66, at p. 68 said that the word "and" as used in the statute should be construed to mean "or;" that it was clearly the intention of the Legislature to subject single particular occupations of pursuit, and not a combination of them, to a license.

An Illinois statute relating to intoxicating liquors provided that every person guilty of violating the first "and" second sections of the Act should forfeit, etc., and the court said the word "and" as used should be construed as equivalent to "or," and hence penalties therein provided could be imposed for a violation of either section, and there was no requirement that one accused be proven guilty of a violation of both, before he could be subjected to such penalties, Streeter vs. People, 69 Ill. 595, 597.

We think in considering House Bill 921, supra, that it was clearly the legislative intent to forbid any person to kill any deer, dove "or" quail in Culberson County "or" to kill any quail "or" dove in Hudspeth County from the effective date of the Act until February 1, 1945. The following quotation from Texas Jurisprudence is deemed pertinent to your questions:

"The intention of the legislature in enacting a law is the law itself, 'the essence of the law,' and 'the spirit which gives life' to the enactment. Hence, the aim and object of construction is to ascertain and enforce the legislative intent, and not to defeat, nullify or thwart it. When the intent is plainly expressed in the language of a statute, it must be given effect without attempting to construe or interpret the law. On the other hand, when it is necessary to construe an act in order to determine its proper meaning, it is settled by a host of decisions that the court should first endeavor to ascertain the legislative intent, for a general view of the whole enactment. Such intent having been ascertained, the court will then seek to construe the statute so as to give effect to the purpose of the Legislature, as to the whole and each material part of the law, even though this may involve a departure from the strict letter of the law as written by the Legislature.

"This is the fundamental canon and the cardinal, primary and paramount rule of construction, which should always be closely observed and to which all other rules must yield. Indeed, in the construction of civil enactments, the courts are expressly commanded to 'look diligently for the intention of the Legislature, keeping in view at all times the old law, the evil, and the remedy.' And this rule is equally applicable in the construction of penal statutes." 39 Tex. Jur. 166, Sec. 90. (Emphasis ours.)

The text cites many cases in support of the last quoted sentence, among others Penal Code, Art. 7; Barnes v. State, 75 Tex. Cr. R. 188, 170 S. W. 548, L. R. A. 1915 C, 101; Pondren v. State, 74 Tex. Cr. R. 552, 169 S. W. 411. Also see Penal Code, Art. 21, and cases cited.

It is our opinion that House Bill No. 921 is constitutional, and by construing the word "and" to mean "or" where indicated by us, that the Act is enforceable and not subject to successful attack for vagueness and uncertainty.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Benjamin Woodall_
Benjamin Woodall
Assistant

BW:ej

APPROVEDAUG 1, 1941

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN